1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBOTT DIABETES CARE INC. and ABBOTT LABORATORIES, <br><br>Plaintiffs, <br><br>vs. <br><br>ROCHE DIAGNOSTICS CORPORATION and BAYER HEALTHCARE LLC <br><br>Defendant. | CASE NO. C05-3117 MJJ <br><br>**PROTECTIVE ORDER** <br><br>GRANTED |

1          Pursuant to Fed. R. Civ. P. 26(c), by agreement of Abbott Diabetes Care Inc. ("ADC"), Abbott Laboratories ("Abbott") (collectively, "Plaintiffs"), and Defendants Roche Diagnostics Corporation ("RDC"), Roche Diagnostics Operations, Inc. ("RDOI"), and Bayer Healthcare LLC ("Bayer") (hereinafter individually referred to as a "party" or collectively as "the parties"), the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED THAT:

         1.    This Stipulation and Order governs the treatment of documents, transcripts of and exhibits to depositions, interrogatory answers, responses to requests for admissions, correspondence, and other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries thereof, and any physical objects or other items or any other information gained by inspection of any tangible thing, including data or code stored in electronic form (collectively, "Material"), produced, filed with the Court, served by, or obtained from any party or non-party to this action (collectively, "Person(s)").

         2.    Any Person shall have the right, before disclosure to other parties, to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any Material it produces or provides that constitutes, reflects or discloses its trade secrets or other confidential research, development, or commercial information within the scope of Rule 26(c)(7) of the Federal Rules of Civil Procedure, subject to the further limitations enumerated in this Protective Order.

**A.    Definitions**

         3.    The terms "Confidential Information" and "Highly Confidential Information" shall include all information, documents and other materials revealed or disclosed during the proceedings and trial of the above matter that are designated as "Confidential Information" or "Highly Confidential" as set forth in the next two paragraphs.

         4.    "Confidential Information" shall mean material that a party claims in good faith contains or discloses information relating to, referencing or pertaining to trade secrets or other confidential research, development or commercial information that is properly subject to

1  protection under Federal Rule of Civil Procedure 26(c), including but not limited to any party's
2  technical information relating to blood glucose test strips and monitoring devices, and methods of
3  producing the same. These documents include, but are not limited to, non-public experiments,
4  technical documents, lab notebooks, financial records, market information, and marketing
5  material. Counsel shall not designate any discovery material "CONFIDENTIAL" without first
6  making a good faith determination that such protection is warranted.

7       5.   "Highly Confidential Information" shall mean discovery materials that qualify as
8  "Confidential Information" pursuant to the definition in paragraph A. 4. above, AND that are of
9  such sensitivity that a party reasonably believes that their disclosure to the adversary could harm
10 its business, such as customer, licensee, supplier and vendor information, financial or marketing
11 information (including past information indicative of current practices), business plans or
12 competitive strategies, information relating to research, development, chemical composition,
13 testing, and manufacturing, or software algorithms, or information relating to pending or
14 abandoned patent applications which have not been made available to the public. These
15 documents include, but are not limited to, "future" documents such as unfiled patents, developing
16 technologies, and marketing and business plans and "current" company documents such as
17 current pricing and financial information, current marketing plans, current research and
18 development, and current customer, distributor, licensee, supplier, and vendor information.
19 Counsel shall not designate any discovery material "HIGHLY CONFIDENTIAL" without first
20 making a good faith determination that such protection is warranted.

21 **B.**   **Designation of Confidential Information**

22      6.   If an exhibit, pleading, interrogatory answer or admission (collectively "discovery
23 response"), document or thing (collectively "document or thing") or a deposition transcript, other
24 transcript of testimony or declaration or affidavit (collectively "testimony") contains information
25 determined in good faith to be confidential by a Person, such exhibit, pleading, discovery
26 response, document or thing, or testimony shall be designated "Confidential" or "Highly
27 Confidential" by the Person contending there is confidential information therein. If an exhibit,
28

pleading, discovery response, document or thing, testimony or other court submission contains information designated by a Person as "Confidential" or "Highly Confidential," the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be affixed thereto before production or service.

  7. A Person may designate information disclosed during a deposition or other testimony as "Confidential" or "Highly Confidential," either by (a) designating on the record that all or specific portions of the deposition transcript, and the information contained therein, is to be treated as "Confidential" or "Highly Confidential"; or (b) designating in writing, within thirty (30) days after receipt of the testimony, specific portions of the testimony that should be so designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Highly Confidential" for a period of thirty (30) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 11 to review documents or information designated "Highly Confidential" on behalf of that non-designating party. For such time as any information or documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are disclosed in a deposition or Court proceeding, the Person whose information or documents are to be disclosed shall have the right to exclude from attendance at the deposition or Court proceeding any person who is not entitled to receive such information or documents pursuant to this Order.

  8. All documents, or any portion thereof, produced for inspection only (i.e., copies have not yet been provided to the receiving party) shall be deemed "Highly Confidential." If a copy of any such document is requested after inspection, the document shall only be deemed "Confidential" or "Highly Confidential" if labeled or marked in conformity with this Protective Order.

### C. Use of Confidential Information

  9. Except upon the prior written consent of the designating Person, or upon further Order of this Court, Confidential Information or Highly Confidential Information shall be treated strictly in accordance with the provisions of this Protective Order and may be used or disclosed

only as specified in this Protective Order. Further, where required in paragraphs 10 and 11 below, no Confidential Information or Highly Confidential Information shall be disclosed to any person until he/she has signed a copy of the Non-Disclosure and Confidentiality Agreement, which is attached as Exhibit A to this Protective Order.

10. Access to information marked CONFIDENTIAL shall be limited to:

(a) Outside counsel for the respective parties to this litigation, including persons working in secretarial, clerical and paralegal capacities who are providing assistance to outside counsel.

(b) The following ADC and Abbott in-house counsel: Karen L. Hale (Division Counsel, Intellectual Property Litigation), Nicholas Poulos (Divisional Vice President and Section Head, Intellectual Property Litigation), and José Rivera, (Divisional Vice President and Associate General Counsel, Intellectual Property Litigation), and clerical staff assisting said individuals in the prosecution or defense of this action following the production of declaration establishing that Ms. Hale, Mr. Poulos, and Mr. Rivera are not involved in competitive decision-making for blood glucose products. ADC or Abbott may, as necessary, request the substitution or addition of and RDC, RDOI, and Bayer may request the addition of other lawyers who are not involved in competitive decision-making for blood glucose products, and consent will not unreasonably be withheld following the production of a declaration establishing that the lawyer is not involved in competitive decision-making for blood glucose products. For purposes of this Order, "competitive decision-making" does not include advice that in-house counsel provides to his or her client regarding designing around a patent.

(c) Witnesses in any deposition or other proceedings of this litigation who (i) at the time of such proceeding, are current employees of the producing Person, (ii) are the author or recipient of the information marked Confidential, or (iii) based on evidence, are reasonably believed to have had access to the "Confidential" information in the past. Notwithstanding the foregoing, the questioning attorney may show the document to a witness who is a former employee of the producing Person but who is not employed or retained by the party opposed to

the producing Person at the time of the examination, solely for the purpose of asking the witness preliminary questions to determine authorship, receipt, or access to the information marked "Confidential." If the witness testifies that he or she did not author, receive, or have access to the information marked "Confidential," the information marked "Confidential" will be removed from the witness' view.

(d)  Independent outside experts and consultants (and their employees or clerical assistants) who are employed, retained or otherwise consulted by outside counsel of record to assist in any way in the preparation and trial of this action; provided, however, that at least seven business days before such person is given access to any confidential information, the party retaining such expert or consultant shall provide the opposing party with (i) the current title and employer of the expert, translator, or consultant; (ii) his or her current resume; and (iii) an undertaking signed by the expert or consultant in the form attached here to as Exhibit A to abide by the terms of this protective order. A separate disclosure and undertaking is not required for staff assisting any such expert or consultant. For purposes of this Protective Order, the phrase "outside experts or consultants" shall not include any current or former officer, director or employee of any party.

(e)  Court personnel in the conduct of their official duties, and the trier of fact.

(f)  Qualified persons taking testimony involving Confidential Information and necessary stenographic, videographic, and clerical personnel thereof.

(g)  Duplicating services, translators, litigation support services and other auxiliary services of a like nature, routinely engaged by counsel.

11.  Access to information marked HIGHLY CONFIDENTIAL shall be limited to:

(a)  Outside counsel for the respective parties to this litigation, including persons working in secretarial, clerical and paralegal capacities who are providing assistance to outside counsel;

(b)  Witnesses in any deposition or other proceeding of this litigation who either (i) are the author or recipient of the information marked "Highly Confidential," or (ii)

based on the evidence, have had access to the "Highly Confidential" information in the past. Notwithstanding the foregoing, the questioning attorney may show the document to a witness who is a current employee of the producing Person, or a former employee of the producing Person but who is not employed or retained by the party opposed to the producing Person at the time of the examination, solely for the purpose of asking the witness preliminary questions to determine authorship, receipt, or access to the information marked "Highly Confidential." If the witness testifies that he or she did not author, receive, or have access to the information marked "Highly Confidential," the information marked "Highly Confidential" will be removed from the witness' view.

(c) Independent outside experts and consultants (and their employees or clerical assistants) who are employed, retained or otherwise consulted by outside counsel of record to assist in any way in the preparation and trial of this action; provided, however, that at least seven business days before such person is given access to any confidential information, the party retaining such expert or consultant shall provide the opposing party with (i) the current title and employer of the expert, translator, or consultant; (ii) his or her current resume; and (iii) an undertaking signed by the expert or consultant in the form attached here to as Exhibit A to abide by the terms of this protective order. A separate disclosure and undertaking is not required for staff assisting any such expert or consultant. For purposes of this Protective Order, the phrase "outside experts or consultants" shall not include any current or former officer, director or employee of any party.

(d) Court personnel in the conduct of their official duties, and the trier of fact.

(e) Qualified persons taking testimony involving Confidential Information and necessary stenographic, videographic, and clerical personnel thereof.

(f) Duplicating services, translators, litigation support services and other auxiliary services of a like nature, routinely engaged by counsel.

(g) The following ADC or Abbott in-house counsel: Karen L. Hale (Division Counsel, Intellectual Property Litigation), Nicholas Poulos (Divisional Vice President and

Section Head, Intellectual Property Litigation), and José Rivera (Divisional Vice President and Associate General Counsel, Intellectual Property Litigation), and clerical staff assisting said individuals in the prosecution or defense of this action, provided that the identified counsel produce declarations establishing that they (1) are not involved in competitive decision-making or the development or marketing of any blood glucose product and (2) are not and will not be involved in the prosecution of any patents relating to blood glucose testing from the date this Protective Order is entered until thirty-six (36) months after judgment is entered in the above-captioned action. ADC or Abbott may, as necessary, request to substitute or add and RDC, RDOI, and Bayer may request to add inside counsel, provided that the lawyer produces a declaration establishing that (1) the lawyer is not involved in competitive decision-making or the development or marketing of any blood glucose product and (2) is not and will not be involved in the prosecution of any patents relating to blood glucose testing from the date this Protective Order is entered until thirty-six (36) months after judgment is entered in the above-captioned action.

12. Notwithstanding and in addition to the limitations placed upon access to Confidential and Highly Confidential information set forth in the preceding paragraphs, the persons set forth in the protective order entered in Case Nos. C04-2123 MJJ/BZ; C04-3327 MJJ/BZ; C04-3732 MJJ/BZ; and in this action may access Confidential and Highly Confidential Information produced by all parties in this action, and such materials will be treated as if designated under the Protective Order in those cases as to those persons. No party to any case referenced in this paragraph shall deliver to any other party any document marked Confidential or Highly Confidential except in the context of depositions, discovery responses, hearings, or court filings in any case referenced in this paragraph; or if, after 10 days written notice to the producing party, the producing party does not object; or by agreement.

13. If, pursuant to this Order, a party identifies a person as an expert, consultant, or advisor, no other party shall contact the person nor subject the expert to discovery to inquire into matters arising within the expert's consultation with the designating party, except as provided by Federal Rule of Civil Procedure 26(b)(4) or by Order of the Court.

D. **Filing Under Seal**

14. A party wishing to file any pleading or other document that contains Confidential Information or Highly Confidential Information designated by any other Person must place documents containing Confidential Information or Highly Confidential Information in a sealed envelope with instructions to the Clerk that (a) the document is filed pursuant to the Stipulated Protective Order; and (b) the envelope is not to be opened absent further order of the Court. The envelope should be labeled to identify the title of the case, case number, and the title of the document. In addition to these requirements, parties must also follow the procedures for filing documents under seal set forth in Northern District of California Local Rule 79-5.

E. **Inadvertent Production, Redactions and Failures to Designate.**

15. Notwithstanding anything contrary herein, if a Person through inadvertence or mistake fails to designate or produces discovery of any Confidential Information without marking it with the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL, or designates it with an incorrect level of confidentiality, the producing Person may give written notice to the receiving party, within 10 days of discovery of the inadvertant designation or production, that the exhibit, pleading, discovery response, document or thing, or testimony contains Confidential Information or Highly Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such timely notice, and upon receipt of properly marked materials, the receiving party shall return or destroy said unmarked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents or things, or testimony as Confidential Information or Highly Confidential Information, as the case may be, and shall cooperate in restoring the confidentiality of such Confidential or Highly Confidential Information. The inadvertent or unintentional disclosure by a Person of Confidential or Highly Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Person's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-

producing party is notified and properly marked documents are supplied as provided herein. The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential or Highly Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.

16. Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing Person, of information that is subject to the attorney-client privilege, work-product immunity or any other privilege. Each such redaction, regardless of size, will be clearly labeled. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information. The basis for any redaction based upon a claim of attorney-client privilege or work-product immunity shall be listed on a privilege log.

17. The inadvertent or unintentional production of any document or thing by any Person shall be without prejudice to any claim by the producing Person that such material is protected by the attorney client privilege or protected from discovery as work product or under another applicable privilege or doctrine, and no Person shall be held to have waived any rights thereunder by inadvertent or unintentional production. If within ten (10) days after discovering the inadvertent or unintentional production of the documents, a producing Person asserts that such documents are protected by the attorney client privilege, work product doctrine, or other applicable privilege or doctrine and were inadvertently or unintentionally produced, the receiving party shall take prompt steps to ensure that all known copies of such documents are returned promptly to the producing Person. The parties may thereafter contest such claims of privilege or work product as if the materials had not been produced but shall not assert that a waiver occurred as a result of the production. The receiving party shall not use any of the information contained in the inadvertently or unintentionally produced materials.

**F. Challenging "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Designations**

18. There shall be no obligation to challenge a Confidential Information or Highly Confidential Information designation when made and failure to do so shall not preclude a

subsequent challenge.

19.   Any party who objects to the designation of any information as "Confidential" or "Highly Confidential" or objects to a restriction on the use of such Confidential Information or Highly Confidential Information may apply to this Court for a ruling that the information or material shall not be so designated. The burden of proof shall be on the party seeking protection of the information to show that protection of such information under this Protective Order is warranted. Unless and until the Court determines that protection under this Protective Order is not warranted, the information shall continue to be treated as Confidential Information or Highly Confidential Information.

### G.   Miscellaneous Provisions

20.   In the event any of the parties (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose information that was designated as Confidential Information or Highly Confidential Information by a Person in this action, the party subpoenaed or served as referred to in this paragraph shall object to production of the Confidential Information or Highly Confidential Information and shall give prompt written notice to the designating Person with sufficient time to afford the designating Person to intervene. The notice shall include a copy of any such subpoena, demand, or other process. Should the person seeking access to the Confidential Information or Highly Confidential Information take action against the party covered by this Protective Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Protective Order. Nothing in this Order shall be construed as requiring the party covered by this Protective Order to challenge or appeal any order requiring production of Confidential Information or Highly Confidential Information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

21.   This Order shall not abrogate or diminish any contractual, statutory, or other legal

obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information.

22. Nothing in this Protective Order shall be construed as a finding that any designated Confidential Information or Highly Confidential Information actually constitutes or contains proprietary or confidential material or trade secrets. For purposes of this order, proprietary or confidential information or trade secrets shall not include information or material that:

(a) was, is or becomes public knowledge in a manner other than by violation of this Order;

(b) is acquired by the non-designating party from a third party having the right to disclose voluntarily such information or material;

(c) was lawfully possessed by the non-designating party prior to the entry of this Order by the Court; or

(d) was developed by the non-designating party independent of the information produced under the Protective Order.

23. Nothing in this Protective Order shall bar or otherwise restrict any attorney for the parties from rendering advice to his or her client with respect to this action. In the course of doing so, said attorney may generally refer to or rely upon his or her examination of Confidential Information or Highly Confidential Information, but shall not disclose the specific contents of Confidential Information or Highly Confidential Information to persons not authorized to receive such Confidential Information or Highly Confidential Information pursuant to this Protective Order except by written agreement with counsel for the designating Person.

24. The terms of this Protective Order are applicable to Confidential Information produced by a non-party, and a party or a non-party may designate Material produced in connection with this litigation as Confidential Information or Highly Confidential Information. Such Information so designated will be protected by the remedies and relief provided by the Protective Order.

25. Upon the settlement or exhaustion of all appeals in this action ("Conclusion of this

1  Litigation"), all persons to whom Confidential Information or Highly Confidential Information
2  has been disclosed shall, without demand, either (a) destroy, or (b) return to the Person that
3  originally produced it, all Confidential Information or Highly Confidential Information (and all
4  copies of such material) and all other documents containing information taken from the
5  Confidential Information or Highly Confidential Information within sixty (60) days of the
6  Conclusion of this Litigation, except that each party's litigation counsel may retain copies of
7  pleadings, briefs, motions and the like actually filed in court that include Confidential Information
8  or Highly Confidential Information, and each party's litigation counsel may retain one complete
9  copy of any outside counsel work files containing Confidential or Highly Confidential
10 information. Upon written request, all recipients of Confidential Information or Highly
11 Confidential Information shall certify in writing that they have complied with the provisions of
12 this paragraph.

13     26.     Upon the Conclusion of this Litigation:

14         (e)     any Confidential Information or Highly Confidential Information produced
15 hereunder that has been submitted for identification or into evidence at any hearing or trial in this
16 litigation may be withdrawn by counsel for the person who offered such Confidential Information
17 or Highly Confidential Information into evidence;

18         (f)     the Clerk is authorized to deliver said Confidential Information or Highly
19 Confidential Information to said counsel;

20         (g)     any such Confidential Information or Highly Confidential Information not
21 returned to counsel shall be destroyed.

22     27.     Nothing in this Order shall be deemed a waiver of any right any party otherwise
23 might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work
24 product. This Protective Order shall survive the Conclusion of this Litigation and continue in full
25 force and effect. The Court shall retain jurisdiction to enforce this Protective Order for a period
26 of six (6) months after the final termination of the action.

27     28.     By entering this order and limiting the disclosure of information in this case, the
28

1 Court does not intend to preclude another court from finding that information may be relevant and
2 subject to disclosure in another case.

1
2  IT IS SO ORDERED.
3  DATED: __MAY 30__, 2006                     _____
4                                               Honorable Martin J. Jenkins
5                                               UNITED STATES DISTRICT COURT JUDGE
6
7
8
9
10  IT IS SO STIPULATED.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER BOTTS LLP

By: _____
James W. Cannon, Jr.

ABBOTT LABORATORIES

By: _____
Karen L. Hale

By: _____
Nicholas A. Poulos

By: _____
Josè E. Rivera

*Attorneys for Plaintiffs Abbott Diabetes Care Inc. and Abbott Laboratories*

| | |
|---|---|
| 1 | |
| 2 | BARNES & THORNBURG LLP |
| 3 | By: _[signature]_ |
| | Donald E. Knebel |
| 4 | Lynn C. Tyler |
| 5 | *Attorneys for Defendants Roche Diagnostics Corporation and Roche Diagnostics Operations, Inc.* |

BARNES & THORNBURG LLP

By: _[signature]_
Donald E. Knebel
Lynn C. Tyler

*Attorneys for Defendants Roche Diagnostics Corporation and Roche Diagnostics Operations, Inc.*


MORRISON FOERSTER


By: _____
Wesley E. Overson

*Attorneys for Defendant Bayer Healthcare LLC*

AUS01:421513.3

16

PROTECTIVE ORDER
CASE NO. C05-3117 MJJ

sf-2059142

BARNES & THORNBURG LLP

By: _____
    Donald E. Knebel
    Lynn C. Tyler

*Attorneys for Defendants Roche Diagnostics Corporation and Roche Diagnostics Operations, Inc.*


MORRISON & FOERSTER LLP

By: _____
    Wesley E. Overson

*Attorneys for Defendant Bayer Healthcare LLC*

# EXHIBIT A

## NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that (s)he has read the Protective Order entered on _____, in the above-captioned action, and understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms of each paragraph of the Protective Order. In particular, the undersigned understands that the terms of said Protective Order obligate him/her to use Confidential Information or Highly Confidential Information solely for the purposes of this litigation and to not disclose any such Confidential Information or Highly Confidential Information to any other person, firm or entity, except that there will be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and there will be no restriction on information disclosed in open Court, unless the Courtroom is sealed at the time of such disclosure. Further, the undersigned hereby agrees to subject himself/herself to the jurisdiction of this Court if any dispute arises regarding his/her use of Confidential Information or for the purpose of otherwise enforcing this Non-Disclosure and Confidentiality Agreement.

_____     _____
Date                                 Signature

AUS01:421513.3

sf-2059142

PROTECTIVE ORDER
CASE NOS. C04-2123; 04-3327; 04-3732 MJJ/BZ