IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBOTT DIABETES CARE INC. ET AL, | No. C05-03117 MJJ |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO ACCUSE ADDITIONAL INFRINGING PRODUCTS** |
| v. | |
| ROCHE DIAGNOSTICS CORPORATION ET AL, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Plaintiff Abbott Diabetes Care Inc.'s ("Plaintiff" or "Abbott") Motion to Accuse Additional Products of Infringement.[1] Defendant Bayer Healthcare LLC ("Defendant or "Bayer") opposes Plaintiff's motion.[2]

For the following reasons, the Court **DENIES** Plaintiff's Motion.

## FACTUAL BACKGROUND

This case concerns the infringement of U.S. Patent No. 5,820,551 ("the '551 Patent") entitled "Strip Electrode with Screen Printing" and U.S. Patent No. 6,592,745 ("the '745 Patent") entitled "Method of Using a Small Volume In Vitro Analyte Sensor with Diffusible or Non-Leachable Redox Mediator." Abbott first filed its complaint in this case in August 2005, and subsequently

---

[1] Docket No. 395.

[2] Docket No. 413.

filed an amended complaint and its initial preliminary infringement contentions in October 2005. Defendants filed their answer to Abbott's first amended complaint in October 2005. Abbott amended its preliminary infringement contentions on November 29, 2005. In July of 2006, the Court granted Plaintiff leave to amend its preliminary infringements a second time to include Bayer's Autodisc and Roche's Comfort Curve test strips. The Court issued its Claim Construction Order on April 27, 2007. Fact discovery is scheduled to close on September 12, 2007 and trial is set to begin on February 25, 2008. On May 29, 2007, Abbott filed the instant motion requesting leave to accuse Bayer's Breeze 2 Meter, Breeze 2 Strip and Contour Strip products.

## LEGAL STANDARD

The Patent Local Rules provide that a party's preliminary infringement contentions "shall be deemed that party's final contentions." Patent L.R. 3-6. Where the party asserting patent infringement seeks to change its preliminary infringement contentions, the local rules provide only two mechanisms for doing so. First, that party may amend its preliminary infringement contentions without leave of court when "the Court's Claim Construction Ruling . . . so requires " within 30 days of service of the Claim Construction Ruling. Patent L.R. 3-6(a). Second, if outside that window, the party can seek leave of court to amend where it can show "good cause." Patent L.R. 3-7. "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). Thus, the rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id*.

## ANALYSIS

### A.   Abbott Has Failed to Show Good Cause to Amend.

Plaintiff bears the burden to demonstrate good cause. Patent L.R. 3-7. There is no dispute between the parties over the dates that Abbot became aware of the existence of both Bayer products. Bayer notified Abbott of the Breeze 2 products on December 8, 2006 and the new Contour Strip on January 5, 2007. Abbott has failed to demonstrate good cause to amend, and in particular has failed to show sufficient diligence in its investigation of Bayer's products. The court in *O2 Micro Intern.*

*Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) held that good cause includes a showing of diligence on the part of the moving party. In its motion, Abbott argues simply that upon disclosure of the new products, Abbott "proceeded diligently to investigate" whether the products infringed the patents in question, noting that it took into account the Court's Markman opinion of April 27, 2007. (Motion For Leave to Amend at 5:7-9.) In its Reply, Abbott fleshes out this naked assertion of diligence only slightly, noting that the production of documents by Bayer continued until March 2007, after which time Abbott "took the deposition of Bayer's corporate representatives on infringement issues, including those relating to these new products." (Reply at 3:5-6.) Bayer offers deposition testimony of Abbott's Dr. Henning showing that "Abbott's tests on Bayer's products take a single person only two or three days to complete, using only internal Abbott equipment, requiring no special tools, and with minimal costs." (Bayer Opposition at 6:14.) But at oral argument, Abbott acknowledged that testing of Bayer's products did not begin until May of 2007, and provided no adequate explanation for the five month delay between the launch of Bayer's products and the commencement of testing. As Abbott was well aware, this five-month period encompassed events that would have been significantly affected by new infringement allegations, including claim construction and setting of the current pretrial schedule. Accordingly, Abbott fails to present sufficient evidence of diligence to support a showing of good cause sufficient to justify leave to amend its infringement contentions.

**B.     Amendment of the Infringement Contentions Would Prejudice Bayer**

Abbott contends that Bayer would not be prejudiced by the addition of new products at this stage, and that the Court should therefore allow the amendment despite the dictates of the Local Rules. Abbott argues that Bayer had notice of Abbott's intent to add the products in question immediately after their launch as a result of Abbott's document requests. Abbott further argues that this notice is sufficient to prevent prejudice to Bayer. In support of this proposition, Abbott cites this Court's decision in *Lexar Media, Inc. v. Pretec Electronics Corp.*, 2007 WL 1170633 (N.D. Cal. April 18, 2007). However, the facts of this case are distinguishable from those in *Lexar Media*. The notice that the Court found sufficient to preclude prejudice in *Lexar Media* occurred when the defendant raised a new invalidity contention in its claim construction briefing, and the plaintiff

3

acknowledged that the contentions would be addressed at a later date. *Id.* In the instant case, Abbott did not supplement its requests for documents from Bayer with notice in either briefing or case management conferences that it would seek to accuse the additional products of infringement.

Here, because less than two months remain before the September 12, 2007 termination of fact discovery, the addition of new products would likely derail the case management schedule, require additional claim construction, and delay trial. The Court finds that allowing amendment would therefore prejudice Bayer. The circumstances here are significantly different than in *Avago Techs. Gen. IP PTE, Ltd. V. Elan Microele*cs. Corp., 2007 WL 1449758 (N.D. Cal. May 15, 2007), which Abbott cites. *Avago* contemplated a plaintiff who conceded that no further discovery would be needed due to respond to the defendant's new invalidity contention, minimizing the possibility of any prejudice to the opposing party or delay to the case. *Id*. at *1. In contrast, Bayer credibly asserts that it would be prejudiced by further discovery and claim construction needs.

## CONCLUSION

As Abbott has failed to meet its burden to show good cause and because the addition of new products to Abbott's infringement contentions would prejudice Bayer, the Court **DENIES** Plaintiff's Motion for Leave to Accuse Additional Products of Infringement.

**IT IS SO ORDERED.**

Dated: July 26, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE