IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBOTT DIABETES CARE INC. ET AL, | No. C05-03117 MJJ |
| Plaintiff, | **ORDER OVERRULING BAYER'S AND ABBOTT'S OBJECTIONS TO MAGISTRATE JUDGE ZIMMERMAN'S DISCOVERY ORDERS CONCERNING INTERROGATORY NO. 13.** |
| v. | |
| ROCHE DIAGNOSTICS CORPORATION ET AL, | |
| Defendant. | |

Before the Court are Abbott's December 19, 2007 Objection and Bayer's December 20, 2007 Objection to Magistrate Judge Zimmerman's November 29, 2007 and December 6, 2007 discovery orders regarding Abbott's response to Interrogatory No. 13. The parties' objections are **OVERRULED** in their entirety.

**I.   Bayer's Objection.**

In its Objection, Bayer argues that the Magistrate should have struck two additional portions of Abbott's amended response to Interrogatory No. 13: the words "relevant portion of the" (page 3, line 1) and the words "an area that includes" (page 3, line 7). (*See* highlighted portions of Bartlett Decl., Exh. V.) The Court **OVERRULES** Bayer's objection. Striking these portions of Abbott's response would distort Abbott's answer in a manner that would misrepresent the basis of Abbott's affirmative infringement contentions.

**II.    Abbott's Objection.**

In its Objection, Abbott contends that the Magistrate improperly struck the portion of Abbott's interrogatory response dealing with how Abbott contends the contours of the measurement zone would be determined, and infringement would still occur, under Defendants' views of where the measurement zone are located in Defendants' accused products. The Court **OVERRULES** this objection. The Magistrate correctly struck the portion of the interrogatory response that was argumentative and that did not directly respond to the Interrogatory, which sought Abbott's affirmative assertions, not Abbott's analysis if forced to accept Defendants' contentions.

In its Objection, Abbott also contends that the Magistrate erred by declining to clarify that his November 29, 2007 discovery order would not bar Abbott from asserting alternative infringement theories in the event that this Court adopts an application of the measurement zone definition other than that asserted by Abbott. The Court **OVERRULES** this objection. The Court perceives no clear error in the Magistrate's decision not to revise his discovery order in this fashion. The Magistrate was not required to speculate about, nor add disclaimers regarding, how his discovery order might be interpreted later in the litigation.

However, this Court notes that it does not regard the Magistrate's November 29, 2007 Order as barring Abbott from asserting alternative infringement theories predicated on Defendants' views of the location and contours of the measurement zone in their products.

**IT IS SO ORDERED.**

Dated: April 3, 2008

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　MARTIN J. JENKINS
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE