1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   THERASENSE, INC.,                              No. C 04-02123 WHA

11          Plaintiff,                              Consolidated with

12     v.                                           No. C 04-03327 WHA
                                                    No. C 04-03732 WHA
13   BECTON, DICKINSON AND COMPANY,                 No. C 05-03117 WHA

14          Defendant.
     ──────────────────────────────/
15                                                  **ORDER RE ATTORNEY'S**
     AND CONSOLIDATED CASES.                        **FEES AND COSTS**
16   ──────────────────────────────/

17

18          1.      As held in a companion order of the same date, defendants Bayer Healthcare

19   LLC, Becton Dickinson and Company, and Nova Biomedical are entitled to recover reasonable

20   attorney's fees and costs under 35 U.S.C. 285 with respect to litigation involving the '551

21   patent.

22          2.      The following procedure will be used to determine the amount of the award.  The

23   procedure is structured to allow meaningful evaluation of the time expended by counsel.

24          3.      No later than **SEPETEMBER 25, 2008, AT NOON**, said defendants' attorneys must

25   file and serve detailed declarations, organized by discrete projects, breaking down all attorney

26   and paralegal time sought to be recovered.  For each project, there must be a detailed

27   description of the work, giving the date, hours expended, attorney name, and task for each work

28   entry, in chronological order.  A "project" means a deposition, a motion, a witness interview,

and so forth.  It does not mean generalized statements like "trial preparation" or "attended trial."

**United States District Court**

For the Northern District of California

It includes discrete items like "prepare supplemental trial brief on issue X." The following is an example of time collected by a project.

PROJECT:  ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|------|-------------|-------------|---------|--------|-----|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC at deposition. | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition. | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition. | <u>7.0</u> | $200 | <u>$1400</u> |
| | | Project Total: | <u>23.5</u> | | <u>$4350</u> |

4.      All entries for a given project must be presented chronologically one after the other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily grasped. Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause. Please show the sub-totals for hours and fees per project, as in the example above, and show grand totals for all projects combined at the end. Include only entries for which compensation is sought, *i.e.*, after application of "billing judgment." For each project, the declaration must further state, in percentage terms, the proportion of the project directed at issues for which fees are awardable and must justify the percentage. This percentage should then be applied against the project total to isolate the recoverable portion (a step not shown in the example above).

5.      A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration. This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case.

6.      The declaration must also set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    each in the relevant time period; (c) how the rates were comparable to prevailing rates in the

2    community for like-skilled professionals; and (d) proof that "billing judgment" was exercised.

3    On the latter point, as before, the declaration should describe adjustments made to eliminate

4    duplication, excess, associate-turnover expense, and so forth.  These adjustments need not be

5    itemized but totals for the amount deleted per timekeeper should be stated.  The declaration

6    must identify the records used to compile the entries and, specifically, state whether and the

7    extent to which the records were contemporaneous versus retroactively prepared.  It must state

8    the extent to which any entries include estimates (and what any estimates were based on).

9    Estimates and/or use of retroactively-made records may or may not be allowed, depending on

10   the facts and circumstances.  Under no circumstances should the application include items

11   previously uncharged to the client; nor should it include items the client has disputed and

12   refused to pay.

13          7.      Ordinarily, no more than one attorney and one paralegal need be present at a

14   deposition and no more than two attorneys and two paralegals need be present at trial in the

15   courtroom; more will normally be deemed excessive.  Ordinarily, no more than two attorneys

16   and one paralegal need attend a law-and-motion hearing; more will normally be deemed

17   excessive.  To allow for symmetry, however, the award may take into account the staffing used

18   by the opposing party and the reasons therefor.  Excessive staffing by the other side, however,

19   will still not justify excessive staffing by the prevailing side.  Training of young lawyers is to be

20   encouraged but if they play only a minimal role then their training is the responsibility of the

21   law firm and the time should not be billed or recovered.

22          8.      If the opposing party doubts the accuracy of any declaration, then the moving

23   party must immediately produce the original underlying time records for inspection upon

24   request.  The opposing party must then file and serve any opposition.  In this case, the

25   opposition will be due **21 CALENDAR DAYS** after the moving parties' detailed declarations are

26   filed.  If the opposing party contends that any item or project was excessive, then its opposition

27   must explain why and provide a declaration setting forth completely all time expended by the

28   opposing party on the same and on similar projects, in the same format described above, so that

3

**United States District Court**
For the Northern District of California

1  symmetry may be considered, promptly  making available the underlying records for inspection

2  if requested.  If any billing rates are challenged, then the opposition must state the billing rates

3  charged to the opposing party for all professionals representing the opposing party in the case

4  and their experience levels.  The opposing declaration must also state, as to each project, the

5  percentage of the project the opposition contends was directed at issues on which fees are

6  awardable, stating reasons for the percentage.  This percentage should then be applied against

7  the project total to isolate the recoverable portion.

8       9.     The opposing submissions may not simply attack the numbers in the application.

9  It must also set forth a counter-analysis.  The counter-analysis should be in the same format

10  required of the applicant, arriving at a final number.  The opposition must clearly identify each

11  line item in the application challenged as excessive, improper or otherwise unrecoverable and

12  explain why.  The opposition, for example, may annotate (legible handwriting will be

13  acceptable) the applicant's declaration to isolate the precise numbers at issue.

14       10.    With the benefit of both sides' filings, representatives of the parties with final

15  decision authority shall meet in person and confer to try to resolve all differences as to the

16  amount.  If no agreement is reached, the moving parties must file and serve a declaration

17  showing full compliance with this paragraph, explaining when, where and who met, their

18  decision authority, how long they met, what documents were reviewed together, and the

19  principal points of disagreement.  This must be done within **35 CALENDAR DAYS** of the filing of

20  movants' detailed declarations.

21       11.    If no agreement is reached, a special master — who shall be a private attorney —

22  shall be appointed.  If the parties cannot agree on a special master, then the Court shall select a

23  special master.  The parties must advise the Court on this in the same submission referenced in

24  the preceding paragraph.

25       12.    The special master shall have all the powers set forth in FRCP 53(c) and

26  FRCP 54(d)(2)(D).  The parties shall provide the special master with copies of all motion

27  papers and other documents relevant to this dispute.  The special master shall review the briefs

28  and declarations by the parties on the pending motion, hear argument, and then determine a

reasonable amount to award, including any fees on fees.  The special master shall also determine the extent to which any discovery should be permitted — with the caution that discovery should be the exception and not the rule.  The special master shall then prepare and file a report on recommended findings and amount.

13.     Absent any supplementation allowed by the special master, the foregoing submissions (together with the briefs already filed) shall be the entire record for the motion. There will be no replies unless allowed later by the special master.  Any further submissions for the special master's use should not be filed with the Court.  If objections are later made to the special master's report, the objecting party must file a declaration submitting to the Court a complete appendix of relevant communications with the special master.

14.     The Court will allocate the fees of the special master in a fair and reasonable manner, taking into account the reasonableness of the parties' respective positions and the special master's recommendation in this regard.  To the extent the movants must pay, then the special master's compensation shall be *deducted* from the attorney's fee award.  To the extent that the opposing party must pay the special master, then it shall pay the special master *and* pay the award.  The Court will, however, reserve final judgment on allocation of the expense of the special master until a final determination of the fee issue.  A final award shall then be entered.

15.     Only *reasonable* fees and expenses will be allowed.  Attorney's fees and expenses are not reasonable merely because it has become fashionable for law firms to bill many hours and charge high rates.  Special scrutiny must be given to excessive billings, particularly with respect to large group meetings with many timekeepers, file and document reviews by timekeepers with little or no need to do so, associate training time that should be the responsibility of the firm (and not the client), excessive numbers of timekeepers at trial, hearings, depositions, and client meetings, summer associate projects of little value, associate turnover and restart time for replacements, and all time associated with unwarranted motion practice (initiated by the moving parties).  That the other side engaged in similar billing practices may excuse some billing excesses, to a limited degree, but only to a limited degree, for a court-ordered fee award should not bless excessive billing practices.  This order does not yet

United States District Court
For the Northern District of California

find that any such practices have occurred here but it urges the prevailing parties to trim their requests of all excesses.  If the application is excessive to the point of manifest overreaching, then it may be denied in its entirety.

16.     Statutory costs will be determined in strict compliance with the 28 U.S.C. 1920 and Local Rule 54.  To the extent that litigation expenses above those allowed as statutory recoverable costs are sought they shall be itemized and analyzed as per the same timetable as for attorney's fees.

17.     With respect to non-statutory expenses, only such expenses as were reasonable shall be recoverable.  All airfare shall be recoverable only at coach rates.  Hotel expenses shall be recoverable only at mid-level rates or less.  Meal expenses shall be recoverable only at modest rates and no alcohol or entertainment expenses shall be recoverable.  No limousine services shall be recoverable.  Photocopying, imaging, and courier expenses shall be recoverable only at prevailing mid-level rates unless circumstances justified premium services.

18.     No declaration or submissions shall be submitted under seal.

19.     Please do not ask for extensions.


**IT IS SO ORDERED.**


Dated:  August 21, 2008.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

6